Dear Mr. Harris
You have requested an opinion of the Attorney General regarding the ten percent expense allowance received by clerks of district courts and assessors of the State of Louisiana. You specifically ask whether these statutory expense allowances are to be computed on the base annual compensation received by clerks and assessors or, alternatively, on the base annual compensation plus certification pay and, in the case of clerks, additional salary supplements.
As you note in your request, the annual compensation for clerks of district courts is provided for in R.S. 13:782(A). It provides, in pertinent part, the following:
" § 782. Compensation of clerks
 A. Clerks of district courts of the various parishes, Orleans Parish excepted, shall receive an annual compensation for their services, payable out of the clerk's salary fund, based on the applicable population of the respective parishes, according to the latest United States census or recognized census of a parish, as follows:" (Emphasis added.)
Paragraph (I) establishes the Louisiana Clerks' of Court Certification program which is designed to provide opportunities to enhance professional development. Upon successful completion, each clerk is granted an increase in compensation pursuant to R.S. 13:782(J)(2)(b). It provides, in pertinent part, the following:
 ". . . the clerk shall be granted a seven percent increase in compensation to his annual salary as set forth in subsection (A) of this section." (Emphasis added.)
R.S. 13:761 creates the Clerks' Supplemental Compensation Fund, and provides, in pertinent part, the following:
 "§ 761. Clerks' Supplemental Compensation Fund; creation; sources of funds.
 A. The Clerks' Supplemental Compensation Fund, hereinafter referred to as `the fund', is hereby created. The proceeds from the fund shall be used solely and exclusively for salary supplements to clerks of court of the district court, which shall be in additional to any compensation otherwise authorized by law and which shall not be considered or included in the calculation of maximum compensation or minimum monthly compensation set forth in R.S. 13:782, and for necessary and associated administrative expenses." (Emphasis added.)
R.S. 13:782(H) provides with respect to the clerk's expense allowance as follows:
 "(H). In addition to the above salary each individual clerk of the judicial district courts, including the register of conveyances and the recorder of mortgages for the parish of Orleans, shall be granted ten percent of his annual compensation as an expense allowance."
We believe the following legal principals of statutory construction to be applicable to the issue presented herein:
"R.S. 1:3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word `shall' is mandatory and the word `may' is permissive.
 § 4. Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
 Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning.
 Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
 Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
 Art. 13. Laws on the same subject matter
 Laws on the same subject matter must be interpreted in reference to each other."
A review of Sections 782 and 761 reveal that the certification pay is clearly an increase in compensation to annual salary as provided in Section 782(A). The supplemental compensation is likewise an increase to the clerks' compensation. Black's Law Dictionary, Fourth Edition, defines:
"Supplemental" as, "That which is added to a thing to complete it."
The fact that R.S. 13:761(A) provides that proceeds from the Clerks' Supplemental Salary Fund be used for salary supplements "in addition to any compensation otherwise provided by law" does not, in our opinion, operate to exclude said supplements from being legally classified as part of the clerks' annual compensation or salary. To the contrary, both certification pay and supplemental compensation are reported, along with the base salary, for state and federal income tax purposes. In addition, all three income sources are considered annual compensation and/or salary by the Clerks' of Court Retirement and Relief Fund.
As noted above, the expense allowance is computed at ten percent of the clerks' annual compensation. We are of the opinion that the inclusion of the clerks' certification pay and supplemental compensation as component parts of annual compensation and/or salary is supported by the clear and generally prevailing meaning of the words of law, in question. We further opine that our application of this law does not violate the legal precepts contained in LSA-C.C. art. 9, quoted supra.
Assuming, arguendo, the provisions of R.S. 13:761 and 782 are ambiguous, the interpretation of those charged with its administration or enforcement is accorded substantial weight.State ex rel. Singlemann v. Morrision, 57 So.2d 238
(La.App. Orl. Cir. 1952) Writ Denied.
I have been advised by representatives of the Louisiana Clerks' of Courts Association that they have historically interpreted the statutory provisions, in question, to authorize the application of the ten percent to the combined total of the base salary, certification pay and salary supplement.
Therefore, and in answer to your first question, it is the opinion of this office that the ten percent expense allowance may be applied to the total of the clerks' annual compensation and/or salary, which includes the certification pay and salary supplement(s).
We turn now to the assessors' compensation.
R.S. 47:1907 provides, in pertinent part, with regard to the assessors' compensation as follows:
 "B. The assessors shall be paid an annual compensation
as follows in parishes with a combined factor of:" (Emphasis added.)
Paragraph J of Section 1907 establishes the assessors' professional certification program as an enhanced educational and training program for participants. Paragraph O provides, in pertinent part, the following:
 "O. (1) After documents showing the successful completion of the program . . . have been submitted . . . the assessor shall be recognized through the implementation of a one-time increase in compensation paying additional compensation equal to seven percent of the assessor's annual salary as set forth in Subsection B of this Section." (Emphasis added.)
 R.S. 47:1907(I) provides for the assessors' expense allowance as follows:
 "In addition to the above salary each individual assessor shall be granted ten percent of his annual compensation as a personal expense allowance provided that the tax receipts of the respective tax recipient bodies shall not be reduced." (Emphasis added.)
Applying the legal principles of statutory construction and, alternatively, the doctrine of contemporaneous construction, and for the reasons set forth hereinabove in our discussion of this same issue relating to clerks of court, it is the opinion of this office that the seven percent certification payment constitutes an increase in the assessors' annual compensation and/or salary. Accordingly, the assessors' personal expense allowance may be calculated by applying the ten percent to the combined total of the base salary and the certification payment.
Trusting this adequately addresses your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: _____________________ ROBERT E. HARROUN, III
Assistant Attorney General